**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BDO USA, P.C.,<br><br>*Movant*,<br><br>v.<br><br>ELLIOT FUHR,<br><br>*Respondent*. | Case No.: 1:25-mc-00572<br><br>Underlying Litigation<br>*BDO USA, P.C. v. Ankura Consulting Group, LLC, Kevin Lavin, and Phuoc Vin Phan*, No. 3:24-cv-00179-HEH in the United States District Court for the Eastern District of Virginia, Richmond Division<br><br>**ORAL ARGUMENT REQUESTED** |

**BDO USA, P.C.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ELLIOT FUHR'S COMPLIANCE WITH SUBPOENA AND TO TRANSFER THE MOTION TO COMPEL**

## PRELIMINARY STATEMENT

BDO USA, P.C.'s ("BDO") motion to compel should be transferred to the United States District Court for the Eastern District of Virginia, where the underlying case has been pending since March 2024. Fuhr concedes as much in his cursory opposition. The issue is plainly not moot. Fuhr's disingenuous opposition notwithstanding, Fuhr refuses to produce his phone records, and it is that production that BDO moves to compel. Moreover, the documents—which are easily and quickly produced—are not available from any other source other than Fuhr. Fuhr, who is Defendant Ankura Consulting Group, LLC's ("Ankura") Leader of Innovation, is a non-party in name only, and without the production of his phone records, BDO will have no documents evidencing phone calls by and between Fuhr, Angela Cinefro ("Cinefro") (Ankura's President), Defendant Kevin Lavin ("Lavin") (Ankura's CEO), or any other individuals directly involved in the solicitation and business lift-out of BDO's Healthcare Transaction Advisory Services ("TAS") practice. By Court Order, the discovery deadline in the underlying matter before Judge Henry E. Hudson in the Eastern District of Virginia is February 10, 2026. (E.D. Va. ECF No. 202 at 9-10.) Accordingly, this matter should be transferred without further delay, where Judge Hudson should decide to compel the production of Fuhr's phone records.

## ARGUMENT

The Court should dispense with Fuhr's baffling opposition in short order.

*First*, Fuhr wrongly puts the cart before the horse and claims that if this Court is "not inclined to deny the motion to compel as being moot," (Opp. at 1), he would not oppose transfer of this dispute to the United States District Court for the Eastern District of Virginia. The issue of transfer is a threshold one. *See Noble v. U.S. Foods, Inc.*, No. 14-CV-7743-RA, 2014 WL 6603418, at *1 (S.D.N.Y. Nov. 19, 2014) ("US Foods' Motion to Transfer presents a threshold issue: whether Noble's motion is properly heard before this Court or the Illinois Court."); *King v.*

*Johnson Wax Assocs., Inc.*, 565 F. Supp. 711, 720 n.15 (D. Md. 1983) ("[T]he decision to transfer is preliminary to discovery on the merits, and [] motions to transfer should be acted upon at the threshold of the litigation.") (quoting *Goodman v. Fleischmann,* 364 F. Supp. 1172, 1176 (E.D. Pa. 1973)); *George v. Nat'l Collegiate Athletic Ass'n*, 2008 WL 5422882, at *1 (C.D. Cal. Dec. 17, 2008) (same). Fuhr's argument on the merits—which he attempts to describe as being moot—has no bearing on the threshold issue of whether this dispute is properly transferred to the jurisdiction where the underlying litigation is pending. This dispute should be transferred to the forum court. *See Abercrombie & Fitch Trading Co. v. Prestige Beauty Grp.*, 2024 WL 360847, at *1 (S.D.N.Y. Jan. 31, 2024).

*Second*, Fuhr appears to argue that BDO's motion to compel his compliance with discovery is moot because the Eastern District of Virginia previously denied BDO's request for personal phone records from Ankura's CEO Lavin. (Opp. at 2.) Citing no legal precedent, and in an attempt at misdirection, Fuhr completely fails to explain *why* Judge Hudson denied BDO's request to obtain phone records from Lavin, Ankura's CEO. In his September 18, 2025, decision, Judge Hudson denied BDO's request on the basis of the apex doctrine. (*See* E.D. Va. ECF No. 159 at 3-4.) Judge Hudson held that "Lavin, *as a CEO*, should not be required to comb through all of his communications to determine which are relevant for the purposes of this litigation." (*See id.* at 4.) As "Leader of Innovation," Fuhr does not have an apex defense, nor has he argued that this shields him from producing phone records that are not available from any other source. In any event, the Eastern District of Virginia *did* order Lavin's production of "communications which appear[ed] facially relevant to this case," specifically communications with Madison Dearborn Partners, the principal owner of Ankura, concerning the "TAS or Healthcare TAS practice, and recruiting or hiring of Phan and his subordinates, or BDO's Healthcare TAS group"—a fact that Fuhr also

conveniently omits from his argument. It is readily apparent—both from the limited time frame of BDO's request, and from Fuhr's own November 11, 2025, deposition testimony expounding upon his numerous direct phone conversations with Phan—precisely which communications BDO seeks.

Fuhr halfheartedly argues—even in the face of deposition testimony and discovery to date evidencing that Fuhr has unjustifiably withheld phone records in his personal possession, custody, or control—that BDO's request for such communications is "harassing" and that BDO "knows it is not entitled to obtain" the phone records "especially from a non-party." (Opp. at 3.) Fuhr is hiding behind the fact that current individual employees of the parties have required service of non-party subpoenas for the production of documents within their personal possession, custody, or control. Fuhr is a current employee of Ankura, was directly and intimately involved in the solicitation of Defendant Phan and the former BDO team with Lavin, Cinefro, and others, and is a non-party only in the technical sense that he is not a named defendant. Indeed, Phan's text messages show that Phan and Fuhr engaged in extensive communications during the critical time period prior to and during the business lift-out. (*See* ECF No. 3-5 at PHAN_0002334; ECF No. 3-6 at PHAN_0002336; ECF No. 3-7 at PHAN_0003280; ECF No. 3-8 at PHAN_0003638.) Such communications include proposals for dates and times for the two to connect (ECF No. 3-6), text messages about projects Phan had "lined up" for his start at Ankura in January of 2022 (ECF No. 3-8), and Phan's recounting to Fuhr a "[g]ood call with Kevin [Lavin]" and Fuhr's offer to "catch up" (ECF No. 3-7).

BDO is entitled to know who Fuhr spoke to, when, and for how long during this important time concerning the theft of BDO's Healthcare TAS practice and the plans for its growth. Fuhr's so-called non-party status does not shield him from producing evidence vital to the claims and

defenses in this case. *See United Com. Ctr., Inc. v. Travelers Lloyds Ins. Co.*, 2013 WL 12137748, at *2 (N.D. Tex. Nov. 8, 2013) ("Precision's status as a third-party does not exempt it from being compelled to produce relevant documents in this action."); *see also Hunter v. Chrispin*, 2023 WL 8098789, at *3 (D. Mass. Nov. 21, 2023) ("Although status as a non-party is entitled to consideration in evaluating discovery requests, non-parties are not immune from discovery."). Fuhr's phone records should be produced without further delay.

## CONCLUSION

For the reasons set forth above and in BDO's memorandum in support of its motion to compel, BDO respectfully requests that the Court (i) transfer the motion to the Eastern District of Virginia or (ii) in the alternative, grant its motion and order Elliot Fuhr to respond fully to BDO's subpoena and to produce immediately all responsive documents and communications in his possession, custody, or control.

Dated: January 5, 2026

Respectfully submitted,

**McDermott Will & Schulte LLP**

/s/ *Mark D. Meredith*
Mark D. Meredith (3989449)
Nicholas C. Meyer (6042733)
One Vanderbilt Avenue
New York, NY 10017
Phone: (212) 547-5602
Fax: (646) 417-7688
mmeredith@mwe.com
nmeyer@mwe.com

Of Counsel:
Michael J. Sheehan
West Lake Street, Suite 4000
Chicago, IL 60606
Phone: (312) 984-2040
Fax: (312) 264-0241
msheehan@mwe.com

*Attorneys for Movant BDO USA, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 5th day of January 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the applicable ECF Registrants. A copy of this document was also served on Fuhr's counsel and counsel of record in the underlying litigation pending in the Eastern District of Virginia via email.

*/s/ Mark D. Meredith*
Mark D. Meredith